BENIGNO DÁVILA RAMOS, Petitioner, *v.* GERARDO DELGADO, WARDEN, Respondent.

No. AP-63-15.     Decided October 21, 1963.

*Godofredo M. Gaetán,* counsel designated by the Supreme Court on appeal to give petitioner legal aid. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

According to the return, petitioner was sentenced to serve the following sentences:

(1) One sentence of one-year imprisonment in the penitentiary pronounced on October 8, 1946, by the former District Court of Caguas in criminal case 1101, which was corrected in order to conform it to the provisions of the Indeterminate Sentences Act, No. 295 of April 10, 1946 (Sess. Laws, p. 758), as we shall presently see.

(2) One sentence of one-year imprisonment in the penitentiary pronounced on October 8, 1946, by the former District Court of Caguas in criminal case 1102, which was also corrected because the error pointed out above was committed.

(3) A sentence of two to fourteen years' imprisonment in the penitentiary pronounced on October 9, 1946, by the former District Court of Humacao, in criminal case 20574, which petitioner completed on May 6, 1957.

(4) A sentence of from two to fourteen years' imprisonment in the penitentiary pronounced on October 9, 1946, by the former District Court of Humacao, in criminal case 20575, which petitioner will have served by September 6, 1966.

(5) An amended sentence of from one to five years' imprisonment in the penitentiary pronounced on October 10, 1946, by the former District Court of Caguas, in criminal case 1101, in substitution of that described under No. 1, which petitioner will have served by May 5, 1970.

(6) An amended sentence of from one to five years' imprisonment in the penitentiary pronounced on October 10, 1946, by the former District Court of Caguas, in criminal case 1101, in substitution of that described under No. 2, which petitioner will have served by September 5, 1977. Apart from the sentences recited under Nos. (3), (4), (5), and (6), which are actually of law and correspond to the study of the issue posed in this appeal, petitioner still has pending ten other imprisonment sentences subsequent to the former, for the same offense of forgery, which he will have served by January 5, 1985, and other jail sentences which he will commence to serve after serving the penitentiary sentences, and it is not specified in the return when he will have served the latter.

As to the two sentences described under Nos. (3) and (4), petitioner complains that on the same day of October 9, 1946, when the informations were filed, he was arraigned and pleaded guilty in both informations, and the former District Court of Humacao found him guilty in both informations and sentenced him to serve in each case from two to fourteen years in the penitentiary, such speedy dis-

position having injured his right to a fair trial. Perhaps, in an ordinary case, we would be inclined to agree with petitioner that such procedure may result in a violation of the due process of law. However, this is a strange case in which the speedy disposition favors rather than injures defendant.

As we have seen, the day prior to the procedure described, October 8, 1946, in the cases described under Nos. (1) and (2), the former District Court of Caguas had sentenced petitioner to serve one year in the penitentiary in each of the two cases of forgery heard before that court. If these sentences had not been in contravention of the provisions of the recently enacted Act No. 295 of April 10, 1946, the next day, October 9, 1946, the district attorney of Humacao could have filed two informations for the offenses of subsequent forgery, which would have entailed in each case a minimum of ten years. According to the testimony of petitioner himself, it seems that the district attorney of the former District Court of Humacao was doubtful as to the legality of those sentences. This explains why he chose to file two informations for forgery without subsequent degree which entailed in each case a minimum of one year. It explains further why the former District Court of Caguas, the day after petitioner was sentenced by the former District Court of Humacao, namely, October 10, 1946, again rendered judgment in the cases described under Nos. (1) and (2) sentencing petitioner to serve an indeterminate sentence of from one to five years in the penitentiary in each case.

A procedure such as that had in the former District Court of Humacao on October 9, 1946, cannot be followed unless the defendant consents to be arraigned the same day the information is filed, agrees to plead guilty and that sentence be passed the same day. Petitioner explains that he gave such consent because the district attorney of the former

District Court of Humacao, who sent for him, promised to obtain the minimum and the concurrence for both cases; that the district attorney himself designated an attorney to find him guilty. We have made a careful examination of the entire record of the return, of the judgment roll of all the appeals taken by petitioner in this Court, and of the two hearings held in the Superior Court of Puerto Rico, Humacao Part, and are convinced that petitioner's presence in Humacao on October 9, 1946, was due to the fact that the previous day he was sent by the former District Court of Caguas to the common jail of the District of Humacao, on the way to the Insular Penitentiary of Puerto Rico; that the offer of the minimum and the concurrence was never made to petitioner, and his confusion as to this point arises rather from the understanding that the minimum in an indeterminate sentence is the same as the minimum of a fixed sentence; that Rafael S. Vidal was the attorney designated by the judge who presided at the trial.

Having examined the merits of both cases, they are not cases in which the utmost diligence of an attorney could have accomplished a different result.

The judgment of the Superior Court of Puerto Rico, Humacao Part, of April 9, 1962, will be affirmed.